**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **NATHANIEL MCCOY #505368** | **CASE NO. 6:19-CV-00061 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Pro se petitioner Nathaniel McCoy, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 14, 2019. [Rec. Doc. 1] An Amended Petition was filed on February 22, 2019 [Rec. Doc. 6] and Petitioner was granted leave to proceed in forma pauperis on March 1, 2019. [Rec. Doc. 9] Petitioner attacks his 2016 conviction for manslaughter and the forty (40) year sentence imposed thereon by the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

On April 30, 2014, a St. Landry Parish grand jury returned a true bill, charging Petitioner, Nathaniel McCoy (McCoy) with the second-degree murder of Robbie

White (White), a violation of La. R.S. 14:30.1. McCoy was arraigned on June 26, 2014, where he entered a plea of not guilty. Jury selection occurred on May 3, 2016. Trial was continued until May 23, 2016. The trial took place over May 23 - 25, 2016. By a vote of ten to two, the jury found the defendant guilty of the lesser responsive verdict of manslaughter, a violation of La.R.S. 14:31. *See State v. McCoy*, 16-948 (La. App. 3 Cir. 05/10/17), 219 S.3d 538.

Petitioner appealed his conviction to the Third Circuit Court of Appeal, Docket No. 16-948, filing a counseled brief, raising the following grounds: (1) insufficient evidence to support verdict; (2) evidence to convict was circumstantial – McCoy presented two alternative hypotheses of innocence; and (3) trial court's untimely notice of other crimes evidence was prejudicial. *Id*. On May 10, 2017, the Third Circuit denied same. *Id*. On an unknown date, Petitioner filed an application for writ of certiorari and/or review in the Louisiana Supreme Court, Docket No. 2017-KO-1151, which was denied on May 25, 2018. *State v. McCoy*, 2017-KO-1151 (La. 5/25/18), 242 So.3d 1232. According to Petitioner, he filed a petition for certiorari in the United States Supreme Court. [Rec. Doc. 6, p. 3, ¶ 9(h)] However, Petitioner did not provide either a copy of a brief filed in the United States Supreme Court, or a judgment from the Court, and a review of the presumptively reliable published jurisprudence reveals no published United States Supreme Court

judgment. Accordingly, this Court will presume that he did not appeal to the United States Supreme Court.

Petitioner did not file an application for post-conviction relief.

On January 14, 2019, the instant petition for writ of habeas corpus was filed, raising the following grounds: (1) insufficient evidence to support verdict; (2) trial court's untimely notice of other crimes evidence was prejudicial; (3) prosecutorial misconduct by making improper remarks during closing argument; and (4) trial court erred in allowing jury to be instructed with the wrong jury instructions and counsel was ineffective for failing to object.

*Law and Analysis*

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court[1]; whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)[2];

---

[1] Habeas petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997). *See also*, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."
[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

3

and/or whether any of the claims raised are subject to the procedural default doctrine[3].

Review of the presumptively reliable published jurisprudence of the State of Louisiana establishes that only two of the four issues raised in the instant petition were raised on direct appeal in the Third Circuit Court of Appeal, where the conviction and sentence were affirmed on May 10, 2017. *State v. McCoy*, 16-948 (La. App. 3 Cir. 05/10/17), 219 S.3d 538. On May 25, 2018, the Louisiana Supreme Court denied Petitioner's application for writ of certiorari and/or review. *State v. McCoy*, 2017-KO-1151 (La. 5/25/18), 242 So.3d 1232. However, the claims related to alleged prosecutorial misconduct and jury instructions were not addressed by these Courts and, as such, have not been brought to the highest court of the state. Accordingly, these claims have not been properly exhausted.

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
\*   \*   \*
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[3] The procedural default doctrine bars federal habeas corpus review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id*. Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

It thus appears that petitioner has submitted a "mixed petition" – that is, a habeas corpus petition which presents exhausted and unexhausted claims. Such petitions are subject to being dismissed without prejudice, however, petitioner may chose one of two other options: (1) he may dismiss the unexhausted claims and request that the court review those claims that were properly exhausted, in which case the prohibition against second or successive habeas petitions may foreclose later review of those claims; or, (2) he may dismiss his entire petition and attempt to exhaust state remedies that remain available to him with respect to the claim that has not yet been litigated in the Louisiana Courts. Since petitioner's judgment of conviction did not become final under the provisions of 28 U.S.C. §2244(d)(1)(A) until June 24, 2018, stay and abeyance as provided in *Rhines v. Weber*, 544 U.S. 269 (2005) is probably not necessary, provided petitioner promptly begins the post-conviction process.[4]

### *Conclusion and Order*

Therefore, in order to determine an appropriate course of action,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide the following information:

---

[4] The United States Supreme Court has addressed the issue of abeyance in the context of "mixed" habeas corpus petitions. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court held that district courts have the discretion to stay rather than dismiss, mixed habeas petitions containing exhausted and unexhausted claims. In order to be eligible for this remedy, the habeas corpus petitioner must demonstrate: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are potentially meritorious, and (3) that he has not engaged in intentionally dilatory litigation tactics.

With regard to claims alleging prosecutorial misconduct and jury instructions, petitioner should state whether he is exempt from the exhaustion requirement, and, if not, he should be prepared to state how he intends to proceed, i.e., whether he wishes to dismiss the unexhausted claim and proceed with those claims that have been properly exhausted, or whether he wishes to dismiss the instant petition and return to the Louisiana courts to exhaust his state post-conviction remedies. Should he choose to return to the Louisiana courts to exhaust his state post-conviction remedies with respect to the alleged prosecutorial misconduct and jury instructions claims, he should indicate whether he is requesting a stay, provided in *Rhines v. Weber*, supra, and if, so, address the factors for this Court to consider.

THUS DONE in Chambers on this 28th day of March, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE