UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NATHANIEL MCCOY #505368** | **CASE NO. 6:19-CV-00061 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Pro se petitioner Nathaniel McCoy, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 14, 2019. [Rec. Doc. 1] An Amended Petition was filed on February 22, 2019 [Rec. Doc. 6] and Petitioner was granted leave to proceed in forma pauperis on March 1, 2019. [Rec. Doc. 9] Petitioner attacks his 2016 conviction for manslaughter and the forty (40) year sentence imposed thereon by the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

On March 28, 2019, the undersigned ordered Petitioner to either: (1) dismiss the unexhausted claims set forth in his petition and request that the court review

those claims that were properly exhausted; or, (2) dismiss his entire petition and attempt to exhaust state remedies that remain available to him with respect to the claims that have not yet been litigated in the Louisiana courts. [Rec. Doc. 10]

On April 8, 2019, in response to the Court's Order, Petitioner filed a Motion to Stay, asking this Court to stay the instant proceedings to allow him to raise his post-conviction claims in the state courts. [Rec. Doc. 11]

The United States Supreme Court has suggested that a petitioner is entitled to file a "protective" petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). However, such a motion is only appropriate in limited circumstances. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Specifically, to be entitled to a *Rhines* stay, the petitioner must show: (1) good cause for his failure to exhaust his claims, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277. Good cause for failing to exhaust state avenues of relief is a balance of the interests served by the exhaustion requirement and finality with the clear instruction to litigants to ensure each federal claim has been taken to state court first. *See Rhines*, 544 U.S. at 276–77 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The Supreme Court has not articulated a specific test for good cause to justify stay and abatement. *See Pace v. DiGuglielmo*,

544 U.S. 408, 416 (2005). It has found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines*. *Id*. at 416–17. Courts have also found good cause to stay and abate a mixed petition based on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of evidence, or other external objective factors not fairly attributable to the petitioner. *See Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014), cert. den'd, (U.S.2015) (canvassing reasons federal courts have found good cause to stay and abate).

This Court finds that Petitioner has not shown good cause for his failure to exhaust claims prior to filing his petition for writ of habeas corpus. He has provided no justification for his failure to file a post-conviction application.

Accordingly, he has the option to dismiss his unexhausted claims and proceed with only his exhausted claims. However, Petitioner is put on notice that, if he dismisses the unexhausted claims at this time, he may be precluded from bringing those claims in the future. Specifically, the law with respect to successive petitions requires a petitioner to obtain authorization from the appropriate court of appeals before filing a second or successive petition. 28 U.S.C. §2244(b)3)(A). Otherwise, the entire petition can be dismissed without prejudice at this time. Since petitioner's judgment of conviction did not become final under the provisions of 28 U.S.C. §2244(d)(1)(A) until June 24, 2018, he would be able to timely bring his claims

3

before this Court at a later date, provided he promptly begins the post-conviction process.

Accordingly,

**IT IS ORDERED** that the Motion to Stay [Rec. Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner comply with this Court's March 28, 2019 Order.

THUS DONE in Chambers on this 15th day of April, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE