UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NATHANIEL MCCOY #505368**          **CASE NO.  6:19-CV-00061 SEC P**

**VERSUS**                            **JUDGE SUMMERHAYS**

**STATE OF LOUISIANA**                **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se petitioner Nathaniel McCoy, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 14, 2019. Petitioner attacks his 2016 conviction for manslaughter and the forty (40) year sentence imposed thereon by the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that his petition for habeas corpus be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state-court remedies prior to filing his suit.

### *Statement of the Case*

On April 30, 2014, a St. Landry Parish grand jury returned a true bill, charging Petitioner, Nathaniel McCoy (McCoy) with the second-degree murder of Robbie

White (White), a violation of La. R.S. 14:30.1. McCoy was arraigned on June 26, 2014, where he entered a plea of not guilty. Jury selection occurred on May 3, 2016. Trial was continued until May 23, 2016. The trial took place over May 23 - 25, 2016. By a vote of ten to two, the jury found the defendant guilty of the lesser responsive verdict of manslaughter, a violation of La.R.S. 14:31. *See State v. McCoy*, 16-948 (La. App. 3 Cir. 05/10/17), 219 S.3d 538.

Petitioner appealed his conviction to the Third Circuit Court of Appeal, Docket No. 16-948, filing a counseled brief, raising the following grounds: (1) insufficient evidence to support verdict; (2) evidence to convict was circumstantial – McCoy presented two alternative hypotheses of innocence; and (3) trial court's untimely notice of other crimes evidence was prejudicial. *Id.* On May 10, 2017, the Third Circuit denied same. *Id.* On an unknown date, Petitioner filed an application for writ of certiorari and/or review in the Louisiana Supreme Court, Docket No. 2017-KO-1151, which was denied on May 25, 2018. *State v. McCoy*, 2017-KO-1151 (La. 5/25/18), 242 So.3d 1232. According to Petitioner, he filed a petition for certiorari in the United States Supreme Court. [Rec. Doc. 6, p. 3, ¶ 9(h)] However, Petitioner did not provide neither a copy of a brief filed in the United States Supreme Court, nor a judgment from the Court, and a review of the presumptively reliable published jurisprudence reveals no published United States Supreme Court

judgment. Accordingly, this Court will presume that he did not appeal to the United States Supreme Court.

Petitioner did not file an application for post-conviction relief.

On January 14, 2019, the instant petition for writ of habeas corpus was filed, raising the following grounds: (1) insufficient evidence to support verdict; (2) trial court's untimely notice of other crimes evidence was prejudicial; (3) prosecutorial misconduct by making improper remarks during closing argument; and (4) trial court erred in allowing jury to be instructed with the wrong jury instructions and counsel was ineffective for failing to object. An Amended Petition was filed on February 22, 2019 [Rec. Doc. 6] and Petitioner was granted leave to proceed in forma pauperis on March 1, 2019. [Rec. Doc. 9]

On March 28, 2019, the undersigned ordered Petitioner to either: (1) dismiss the unexhausted claims set forth in his petition and request that the court review those claims that were properly exhausted; or, (2) dismiss his entire petition and attempt to exhaust state remedies that remain available to him with respect to the claims that have not yet been litigated in the Louisiana courts. [Rec. Doc. 10]

On April 8, 2019, in response to the Court's Order, Petitioner filed a Motion to Stay, asking this Court to stay the instant proceedings to allow him to raise his post-conviction claims in the state courts. [Rec. Doc. 11] On April 15, 2019, the

undersigned denied Petitioner's motion to stay and ordered him to comply with the Court's April 8, 2019 order. [Rec. Doc. 12]

Presently before this Court is McCoy's "Protective Petition Pertaining to Memorandum Order," pursuant to which he asks this Court to "grant issuance of STAY and ABEYANCE in accordance to the writ to dismiss both his exhausted and unexhausted state claims." [Rec. Doc. 13, p. 1] He also "moves this Court to issue a dismissal of both exhausted and unexhausted claims." *Id.*

While it is unclear whether Petitioner is again asking this Court to stay this matter pending exhaustion or dismiss the entire Complaint so that he may exhaust those claims which have not yet been litigated in the state courts, it is clear that he has not chosen the option of dismissing his unexhausted claims and moving forward on only those which have been properly exhausted.

*Law and Analysis*

As Petitioner is aware, before seeking federal *habeas corpus* relief, state prisoners must first exhaust available state court remedies, by fairly presenting their federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of his claims in each appropriate state court, including the state supreme court with the power of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Habeas

petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Federal courts may raise *sua sponte* the lack of exhaustion. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998). See also *Tigner v. Cockrell*, 264 F.3d 521 (5th Cir.2001), *cert. denied*, 534 U.S. 1164 (2002); *Shute v. Texas*, 117 F.3d 233 (5th Cir.1997).

Petitioner has presented this Court with a "mixed petition," which includes both exhausted and unexhausted claims, and it is subject to dismissal for that reason. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*citing Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)). This Court has previously found that "Petitioner has not shown good cause for his failure to exhaust claims prior to filing his petition for writ of habeas corpus. He has provided no justification for his failure to file a post-conviction application." [Rec. Doc. 12, p. 3]

Moreover, Petitioner does not necessarily "run the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims... " (*Rhines* at 275, 125 S.Ct. 1528). Given that it appears that the federal one-year limitation period for seeking federal habeas corpus relief set forth at 28 U.S.C. §2244(d) has not expired,

5

it does not appear that staying and holding the instant petition in abeyance would be procedurally proper as petitioner may simply dismiss the instant petition without prejudice, and re-file same immediately after he fully exhausts all claims he wishes to present to this court. *See Phillips v. Cain*, 2009 WL 580233, \*2 (W.D. La. 2009)(*citing Reyer v. King*, 2008 WL 625096, \*3 (S.D. Miss. 2008) (dismissing a petition for failure to exhaust noting that the "limited circumstances" justifying stay and abeyance were not present because the petitioner "has ample time to return to state court, exhaust his claim, and file a habeas petition before the limitations period for the ... claim expires.").

Accordingly, this mixed petition should be dismissed without prejudice to allow McCoy to exhaust available state court remedies on his claim of ineffective assistance of counsel.

### *Conclusion and Recommendation*

Therefore, for all of the foregoing reasons,

**IT IS RECOMMENDED** that Rec. Doc. 13 is **DENIED in part**, to the extent that it seeks to stay this matter and **GRANTED in part**, to the extent it seeks to dismiss this matter without prejudice.

**IT IS FURTHER RECOMMENDED** that the instant Petition for Writ of *Habeas Corpus* be **DISMISSED WITHOUT PREJUDICE** because Petitioner failed to exhaust available state court remedies prior to filing.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 3rd day of May, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE